1  Todd M. Friedman (216752)
2  Darin Shaw (251037)
3  Law Offices of Todd M. Friedman, P.C.
   369 S. Doheny Dr. #415
4  Beverly Hills, CA 90211
5  Phone: 877 206-4741
   Fax: 866 633-0228
6  tfriedman@attorneysforconsumers.com
7  dshaw@attorneysforconsumers.com
   Attorney for Plaintiff
8

FILED
2010 DEC 20 P 4 47
RICHARD W. ...
CLERK, U.S. DIST...
NORTHERN DISTRICT OF...

ORIGINAL

E-filing

9              UNITED STATES DISTRICT COURT
10       FOR THE NORTHERN DISTRICT OF CALIFORNIA

NJV

11  SAUL LEFORT,                        ) Case No: CV10 5791
12                                      )
    Plaintiff,                          ) COMPLAINT FOR VIOLATION
13                                      ) OF FEDERAL FAIR DEBT
14       vs.                            ) COLLECTION PRACTICES ACT,
                                        ) ROSENTHAL FAIR DEBT
15  CORY G. HICKS & ASSOCIATES,         ) COLLECTION PRACTICES ACT,
16  INC.,                               ) INTENTIONAL AND NEGLIGENT
                                        ) INFLICTION OF EMOTIONAL
17  Defendant.                          ) DISTRESS, AND INVASION OF
18  _____     ) PRIVACY
19

20                          I. INTRODUCTION

21       1. This is an action for damages brought by an individual consumer for
22
    Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.
23
24  §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection
25
    Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of
26
27  which prohibit debt collectors from engaging in abusive, deceptive, and unfair
28
    practices. Ancillary to the claims above, Plaintiff further alleges claims for

Complaint - 1

intentional infliction of emotional distress, negligent infliction of emotional distress, and invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.  Plaintiff, Saul LeFort ("Plaintiff"), is a natural person residing in Lake county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.  At all relevant times herein, Defendant, Cory G. Hicks & Associates, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

///

///

///

## IV. FACTUAL ALLEGATIONS

5.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.  On more than one occasion, Defendant contacted Plaintiff at a telephone number associated with his work, in an attempt to collect an alleged debt, including but not limited to, voicemails left on his work phone number.

7.  On more than one occasion, Defendant failed to disclose to Plaintiff that the communication was from a debt collector, that it was an attempt to collect a debt and that any information collected would be used for that purpose.

8.  On at least one occasion, Defendant attempted to defame Plaintiff and disclosed to third parties the existence of the debt and Plaintiff's personal information, including but not limited leaving Plaintiff voicemails on his work phone, disclosing to co-workers the existence of the debt and specifically disclosing the last four of Plaintiff's social security number.

9.  On more than one occasion, Defendant threatened legal action against Plaintiff for non-payment of an alleged debt, including but not limited to, several voicemails left on Plaintiff's work phone number wherein Defendant threatened to turn over the alleged debt to different law firms to pursue a lawsuit against Plaintiff.

10. To date, Defendant has not filed a lawsuit against Plaintiff as previously threatened in voicemails left on Plaintiff's work phone number.

11. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

  a) Falsely representing or implying that nonpayment of Plaintiffs debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));
  b) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));
  c) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));
  d) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11));
  e) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§1692g(a));
  f) Communicating, or threatening to communicate to a third party the fact that Plaintiff has engaged in conduct, other than the failure to pay a consumer debt, which Defendant knew or had reason to know would defame the debtor (Cal Civ Code §1788.10(c));
  g) Threatening Plaintiff that nonpayment of Plaintiffs debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e)); and

    h) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§1692c(a)(2).

12.   As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

13.   Defendant's aforementioned actions constitute intentional affliction of emotional distress. The outrageous conduct by the Defendant and Defendant's intention of causing or reckless disregard of the probability of causing emotional distress were the actual and proximate causation of the Plaintiff's severe emotional distress. Defendant knowingly and repeatedly threatened Plaintiff with a lawsuit, a lien, a levy, a judgment, wage garnishment, and negative credit reporting.

14.   Defendant's aforementioned actions constitute a negligent infliction of emotional distress. Defendant knowingly and repeatedly threatened Plaintiff with a lawsuit, a lien, a levy, a judgment, wage garnishment, and negative credit reporting. Plaintiff suffered serious emotional distress, due to the constant calls

from Defendant, the threats of jail, and the threats of losing everything he owns. Defendant's negligent conduct or willful violation of statutory standards was a cause of the serious emotional distress.

15. Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

16. Defendant's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern. Defendant's disclosures were highly offensive to a reasonable person.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

   A.   Declaratory judgment that Defendant's conduct violated the FDCPA;

   B.   Actual damages;

C.   Statutory damages;

D.   Costs and reasonable attorney's fees; and,

E.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17.   Plaintiff reincorporates by reference all of the preceding paragraphs.

18.   To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.   Actual damages;

C.   Statutory damages for willful and negligent violations;

D.   Costs and reasonable attorney's fees,

E.   For such other and further relief as may be just and proper.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19.   Plaintiff reincorporates by reference all of the preceding paragraphs.

20.   To the extent that Defendant's actions, counted above, inflicted emotional distress on Plaintiff, whether those actions were done knowingly and willfully or unintentionally.

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

      A.    Actual damages;
      B.    Statutory damages for willful and negligent violations;
      C.    Costs and reasonable attorney's fees,
      D.    For such other and further relief as may be just and proper.

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

22. To the extent that Defendant's actions, counted above, inflicted emotional distress on Plaintiff, whether those actions were done knowingly and willfully or unintentionally.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

      A.    Actual damages;
      B.    Statutory damages for willful and negligent violations;
      C.    Costs and reasonable attorney's fees,
      D.    For such other and further relief as may be just and proper.

## COUNT V: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

23. Plaintiff reincorporates by reference all of the preceding paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Actual damages

    B.    Punitive Damages; and,

    C.    For such other and further relief as may be just and proper.

### **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 15th day of December, 2010.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff